UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIRAN VUPPALA,

               *Plaintiff*,

v.

496 LAGUARDIA RESTAURANT INC., *doing business as* MOCHA BURGER, *and* R&N ASSETS LLC,

               *Defendants*.

**ORDER**

21 Civ. 4425 (ER)

RAMOS, D.J.

      On May 17, 2021, Kiran Vuppala filed a complaint against, among others, 496 Laguardia Restaurant Inc. ("Laguardia") and R&N Assets LLC ("R&N"), alleging violations of the Americans with Disabilities Act and related state and city laws.  Doc. 1.  Vuppala amended the complaint on June 19, 2021.  Doc. 13.  Laguardia and R&N were served with process on July 8, 2021.  Docs. 17, 18.  On September 7, 2021, the Court instructed Vuppala to move for a default judgment against Laguardia and R&N pursuant to the Court's individual practices by September 27, 2021.  Doc. 19.  The Court warned that failure to do so may result in dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  *Id*.  The Court subsequently granted Vuppala's three requests for an extension of time to move for default judgment.  Docs. 21, 23, 25.

      On April 12, 2022, the Court directed Vuppala to move for a default judgment against Laguardia and R&N.  Doc. 26.  The Court again warned that failure to comply with Court orders may result in sanctions, including dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  *Id*.  On April 26, 2022, and again on May 27, 2022, the Court granted Vuppala's requests for an extension of time to move for default judgment.  Docs. 28, 30.  In both orders, the Court

warned that "[a]ny subsequent failure to comply with the Federal Rules or Court orders, including the time limitations included therein, will result in sanctions, including dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." *Id.*

There has been no communication from Vuppala since his letter dated May 27, 2022. Doc. 29. For the reasons set forth below, the Court now dismisses Vuppala's action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**I.      Standard**

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,
(2) whether plaintiff had received notice that further delays would result in dismissal,
(3) whether the defendant is likely to be prejudiced by further delay,
(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

**II.     Discussion**

In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, Vuppala has not communicated with the Court nor responded to any of the Court's orders since his letter dated May 27, 2022. Vuppala submitted that letter in response to the Court's prior orders to move for default judgment. Thus, Vuppala has not taken meaningful action to prosecute this case.

*Second*, Vuppala was given clear notice that failure to respond to Court orders could result in dismissal. The Court specifically warned Vuppala, on four occasions, that "[a]ny

subsequent failure to comply with the Federal Rules or Court orders, including the time limitations included therein, will result in sanctions, including dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b)." Docs. 19, 26, 28, 30.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210. Because Vuppala has failed to advance his case, the Court perceives no circumstances rebutting this presumption.

*Fourth*, Vuppala has not taken advantage of his "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because Vuppala has ignored the Court's order and delayed this case for several months, there are no weaker sanctions that could remedy his failure to prosecute this case. Dismissal is appropriate where, as here, Vuppala "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses Vuppala's case with prejudice. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated: October 7, 2022
       New York, New York

_____
                              Edgardo Ramos, U.S.D.J.